■ In the Matter of MARINO J. FANELLI, Respondent-Appellant, v ANDREW P. O'ROURKE, as County Executive of the County of Westchester, et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the County Executive of Westchester County which terminated the petitioner's employment as Director of Probation of the County of Westchester, (1) the County Executive and the County of Westchester appeal from so much of a judgment of the Supreme Court, Westchester County (Coppola, J.), dated October 3, 1988, as annulled the determination and reinstated the petitioner to his position with back pay and all benefits, and (2) the petitioner cross-appeals from so much of the same judgment as denied his application for an attorney's fee pursuant to 42 USC § 1988.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner's employment as Director of Probation of the County of Westchester was terminated by the County Executive solely on the ground that he "neglected to take and file an oath of office as required by law". A public officer must file an official oath within 30 days after commencement of his term (Public Officers Law § 30 [1] [h]), while a public employee need only take and file the oath upon his original appointment which shall extend to any title in which such person may serve as an employee during the period of his continuous service following the taking of such oath (Civil Service Law § 62).

Upon consideration of all the circumstances surrounding the petitioner's employment as Director of Probation, we agree with the holding of the Supreme Court that he was not a public officer within the meaning of the Public Officers Law. Significant to this conclusion is the fact that the petitioner was promoted to the position of Director of Probation from the position of Assistant Director by means of his successful completion of a competitive civil service examination (see, Executive Law §§ 256, 257 [1]; Civil Service Law § 52). Furthermore, although the petitioner was appointed in 1983 by the County Executive from a list of eligible candidates, that appointment was not for a fixed term. The subsequent amendment to the Executive Law designating the position of Director of Probation to be in the noncompetitive class of civil service in certain counties is not applicable to the petitioner (see, Executive Law § 257 [6]). Thus, the petitioner does not qualify as a "public officer", and the applicable oath requirement is that contained in Civil Service Law § 62. Since it is undisputed that the petitioner took and filed an oath upon his appointment in 1963 to the permanent position of Assistant Director of Probation, by the terms of Civil Service Law § 62 the prior oath was reaffirmed upon his acceptance of the position of Director of Probation. Thus, the termination of the petitioner's employment pursuant to the Public Officers Law was illegal in that it was affected by an error of law (see, CPLR 7803 [3]).

Since the first cause of action, which is not predicated on a violation of federal or constitutional law, is dispositive, the petitioner is not entitled to an attorney's fee pursuant to 42 USC § 1988. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.